Court of Criminal Appeals of Texas.
April 18, 1934.

Rehearing Denied May 23, 1934.

Mark Callaway, of Brownwood, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for selling intoxicating liquor, punishment assessed being one year in the penitentiary.

The indictment properly charges the offense. No statement of facts are brought forward. In such condition nothing is presented for review.

The judgment is affirmed.

#### On Motion for Rehearing.

LATTIMORE, Judge.

[2] In connection with his motion for rehearing appellant presents a certificate showing that a statement of facts had been duly filed in the trial court, but had been misplaced without fault on the part of appellant, and same now appears in this record, and has been duly considered. The charge against appellant was the selling of intoxicating liquor to Ed McCasland. On the trial McCasland testified for the state that about July 30, 1932, he bought from appellant a bottle of whisky, for which he paid $1.00. Other testimony for the state corroborated that of McCasland. The only testimony introduced on behalf of appellant was that of a witness who testified that he was present in Brownwood on July 30, 1932, at the home of appellant at the time certain officers came there and arrested appellant, and that he did not see the witness McCasland buy any whisky from appellant. We think the facts justified the jury's conclusion of guilt. There being no other question in the case, the motion for rehearing will be overruled.

## McDUFFIE v. STATE.
### No. 16691.

Court of Criminal Appeals of Texas.
April 18, 1934.

Rehearing Denied May 16, 1934.

Parks E. McMichael, of Linden, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was tried and convicted of the offense of transporting intoxicating liquor, and his punishment assessed at confinement in the state penitentiary for a term of one year.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges

272

of the Court of Criminal Appeals and approved by the court.

### On Motion for Rehearing.

MORROW, Presiding Judge.

The motion for rehearing is based upon the statement that appellant has not been financially able to obtain copies of the transcript, but that he can obtain the transcript by the 31st day of May, 1934; that is to say, he can have the statement of facts and bills of exception on file by that time. Unfortunately, the time has elapsed within which the bills of exception and statement of facts can be considered. The statute, article 760, C. C. P. 1925, provides that the statement of facts must be filed within ninety days after notice of appeal is given. Likewise, the bills of exception, if filed within the time sought by appellant, would be too late to authorize this court to consider them.

The motion for rehearing is overruled.

The points relied upon for reversal are of a nature requiring an examination of the statement of facts. The statement of facts brought before this court is in question and answer form. The statute demands that it be in narrative form. Article 760, C. C. P., as amended by Acts 1931, 1st Called Sess., c. 34, § 7 (Vernon's Ann. C. C. P. art. 760); Mitchell v. State (Tex. Cr. App.) 54 S.W.(2d) 107. The motion of the state's attorney before this court that the statement of facts be not considered must be sustained.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### KOESTER v. STATE.
### No. 16674.

Court of Criminal Appeals of Texas.
May 9, 1934.

Nix & Ogden, of Amarillo, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

Conviction is for being a delinquent child; punishment, confinement in the boys' training school for two years.

### MATELSKI v. STATE.
### No. 16682.

Court of Criminal Appeals of Texas.
May 2, 1934.

